Galy JACOBS, Individually and on Behalf of Other Common Stockholders of General Aniline and Film Corporation, similarly situated, Plaintiffs,

v.

Herbert BROWNELL, Jr., as Attorney General of the United States, Defendant.

Civ. A. 1962–57.

United States District Court
District of Columbia.

Oct. 10, 1957.

Dean Hill Stanley, Washington, D. C., and Harold G. Aron, New York City, for plaintiffs.

George B. Searls and Paul E. McGraw, Dept. of Justice, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a motion by the defendant to dismiss the complaint. The action is brought against the Attorney General of the United States by a minority stockholder of General Aniline and Film Corporation on behalf of herself and others similarly situated.

It is alleged in the complaint that during World War II the United States seized as enemy alien property approximately 90 percent of the capital stock of the company. It is further alleged that the Attorney General proposes to sell at public auction all of the stock of the company which the United States had seized. This action is brought to enjoin the Attorney General, first, from returning the stock to former enemy owners; second, from selling it by public sale; and third, if it is to be sold that the American minority stockholders be accorded the opportunity to purchase the stock at as high a price and on as favorable terms to the Government as can be obtained at public sale. It is also demanded that the Government of the United States be required to make full accounting for its management of the General Aniline and Film Corporation.

So far as this suit seeks an accounting it obviously does not lie, because the United States is not subject to suit for an accounting, it not having consented to such a suit. Insofar as this action seeks to enjoin the return of the majority stock to former enemy owners, there is no law in effect under which it can be returned at this time, and there is no sufficient allegation that such a return is threatened. Insofar as the complaint seeks to enjoin the Attorney General from selling the stock at public sale, and if he is permitted to do so that the plaintiff and other American stockholders be granted an opportunity to buy the stock, it is necessary to determine whether what it is alleged the Attorney General proposes to do is beyond his statutory power or whether it is within the exercise of his discretion.

Section 12 of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 12, provides inter alia that the Alien Property Custodian shall be vested with all of the powers of a common law trustee in respect of all of the property that is seized under the Act, and under such rules and regulations as the President shall prescribe he shall have power to manage such property, and to do any

act or things in respect thereof, or make any disposition thereof or of any part thereof by sale, or otherwise, and exercise rights or powers which may be or become appurtenant thereto or to the ownership thereof in like manner as though he were the absolute owner thereof. It is not disputed that the Attorney General is the successor of the Alien Property Custodian. There is a limitation that any property sold under the Act, except when sold to the United States, shall be sold only to American citizens at public sale, to the highest bidder after public advertisement of the time and place of sale which shall be where the property or major portion thereof is situated, unless the President stating the reasons therefor in the public interest shall otherwise determine.

Section 5 of this statute provides in effect that any property or interest seized thereunder shall vest in such agency or person as may be designated by the President, and upon such terms and conditions as the President may prescribe such interest or property shall be held, used, administered, liquidated, sold, or otherwise dealt with in the interest of and for the benefit of the United States. The powers vested in the President by this provision have been delegated to the Attorney General. Thus it is clear that the Attorney General has power within his discretion to sell the majority stock of General Aniline and Film Corporation, the stock having been previously seized by the United States under the Trading with the Enemy Act.

Whether the sale is for the best interests of the United States is a matter not for this Court but for the Attorney General to determine, because the law vests that authority in him. The fact that the sale may result in the stock finding its way into the hands of persons who might be antagonistic to the minority stockholders is not a sufficient legal ground for enjoining the Attorney General from disposing of this stock. If any future majority stockholder should act oppressively toward the minority stockholders the law would afford a remedy.

The Court is of the opinion that the complaint does not state a cause of action, or a claim on which relief can be granted, and therefore the motion to dismiss is granted.